**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4713**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JOSEPH CAMARA,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  William L. Osteen,
District Judge.  (CR-03-209)

———————

Submitted:  December 22, 2005      Decided:  February 1, 2006

———————

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Camille M. Davidson, THE FULLER LAW FIRM, P.C., Charlotte, North
Carolina, for Appellant.  Gretchen C. F. Shappert, United States
Attorney, Matthew T. Martens, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Joseph Camara was convicted on one count of conspiracy to commit bank fraud and to make, utter, and possess counterfeit checks, in violation of 18 U.S.C. § 371 (2000). The district court sentenced him to ten months incarceration: five months in prison followed by five months of home detention. Camara timely appeals his sentence.

Camara was involved in a conspiracy in which a $50,000 counterfeit check was deposited in a bank account and the co-conspirators attempted to withdraw funds from the account based on the falsely created account balance. The bank quickly took remedial action and the actual loss it suffered was $9615.

Pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(a)(2) (2004), Camara's base offense level for violating 18 U.S.C. § 371 was 6. The district court increased Camara's offense level by six levels under USSG § 2B1.1(D), finding that the loss exceeded $30,000. With an offense level of 12 and placement in Criminal History Category I, Camara's guideline range was ten to sixteen months incarceration. USSG Ch. 5, Pt. A (Sentencing Table). The district court sentenced Camara to the bottom of the guideline range, imposing five months in prison followed by five months of home detention.

Camara first argues on appeal that his sentence violates United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because the district court increased his offense level based on facts that had not been found by the jury, namely the amount of

loss.  In <u>Booker</u>, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  543 U.S. at ___, 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory.  <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (citing <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)).  After <u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence.  If a district court imposes a sentence outside the guideline range, the court must state its reasons for doing so.  <u>Hughes</u>, 401 F.3d at 546.  The district court sentenced Camara within these parameters and we conclude that the fact that his sentence was based on judicial factfinding did not violate <u>Booker</u>.

Next, Camara argues that the district court erred by imposing a sentence that was greater than those of other co-defendants who were more culpable.  We find no merit in this claim.

After calculating the appropriate guideline range, a district court must consider, in imposing a sentence, the relevant factors under 18 U.S.C.A. § 3553(a), including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). We will affirm the sentence imposed as long as it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47. Here, the court determined that a sentence at the bottom of the applicable guideline range was appropriate for Camara, despite the lesser sentences imposed on his co-defendants. We conclude that Camara's sentence is reasonable, particularly in view of the fact that the two co-defendants Camara mentions who received lesser sentences pled guilty, whereas Camara elected to proceed to trial. Cf. United States v. Brainard, 745 F.2d 320, 324 (4th Cir. 1984) ("The single fact of a disparity in sentences between a defendant who stands trial and a co-defendant who pleads guilty does not require appellate reversal . . . .").

Finally, Camara contends that the district court erred by failing to depart downward on the ground that the use of intended loss, rather than actual loss, overstated the seriousness of his offense. Camara does not dispute the district court's finding that the intended loss, based on the counterfeit check, was $50,000. We find that Camara's offense level of twelve, based on the $50,000 intended loss and resulting in a guideline range of ten to sixteen months imprisonment, did not overstate the seriousness of his offense.

For these reasons, we affirm Camara's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED